Wilde, J.
Upon the facts stated in the bill, the question is, whether the plaintiffs are in equity entitled to the relief prayed for. The bill states, that the plaintiffs were induced by the fraudulent representations of Locke, one of the defendants, to convey to him the real estate described in the bill, for the purpose of raising money to pay off certain mortgages and attachments thereon, and then to reconvey the estate to the plaintiffs. The only material allegation- stated is, that Locke informed the plaintiffs, that “ the deed was a mere matter of form, to enable him to obtain the money and pay off the attachments and mortgages, and that he would raise the money and pay the same, and then reconvey the estate to the plaintiffs.”
The manifest import of this allegation is, that it was a mere matter of conversation, and not an agreement in writing. Nor is there any averment in the charging part of the bill, from which it can be inferred that the defendant Locke ever agreed in writing to hold the estate in trust; but if there were any such averment, it would not aid a defective averment in the stating part of the bill. The inference from the 'whole bill is, that there was no agreement in writing, or declaration *93 of trust, by Locke, to hold the estate in trust; and any paroi agreement or declaration to that effect is void by the statute of frauds. And this appearing on the face of the bill, it may be taken advantage of by demurrer; and as the plaintiffs are not entitled to relief, the demurrer to the whole bill is well founded; for the discovery cannot be demanded in aid of a suit at law, as in such a bill it is necessary to aver that a suit at law has been commenced, or is intended to be commenced, in support of which the discovery that is sought for is mate rial. And this bill contains no such averment.
Bill dismissed.